UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ARESEAN RICHARDSON : CIVIL ACTION NO.

VERSUS : JUDGE

OLD REPUBLIC INSURANCE : MAGISTRATE JUDGE
COMPANY, INS INSURANCE, INC.,
SCHNEIDER NATIONAL CARRIERS, :
INC., AND JOHN W. CAMPBELL

---

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that OLD REPUBLIC INSURANCE COMPANY, INS INSURANCE, INC., SCHNEIDER NATIONAL CARRIERS, INC. and JOHN W. CAMPBELL, ("Defendants"), Defendants in that certain proceeding entitled *"Aresean Richardson v. Old Republic Insurance Company, et al."* bearing Docket Number 268128, filed in the 9th Judicial District Court in and for the Parish of Rapides, State of Louisiana, hereby file this Notice of Removal and remove this action to the United States District Court for the Western District of Louisiana, Alexandria Division, under 28 U.S.C.A. §1441, *et seq.*

A copy of this Notice of Removal is being served upon Benjamin T. Lowe as counsel for Plaintiff, Aresean Richardson, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Parish of Rapides, State of Louisiana in conformity with 28 U.S.C. § 1446(d).  In addition, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court record, as provided by the Rapides Parish Clerk of Court, is attached hereto as Exhibit A.

Defendants respectfully submit that the grounds for removal of the action are as follows:

I.

On June 3, 2020, a Petition for Damages entitled *"Aresean Richardson v. Old Republic Insurance Company, et al"* bearing Docket Number 268128, was filed in the 9th Judicial District

Court in and for the Parish of Rapides, State of Louisiana, which State court is within the jurisdiction of the United States District Court, Western District of Louisiana, Alexandria Division.

II.

Plaintiff, Aresean Richardson, ("Plaintiff") set forth a claim for damages arising out of personal injuries allegedly sustained as a result of a motor vehicle accident on June 27, 2019, in the parking lot of Love's Truck Stop in Boyce, Louisiana. Named as Defendants in the Petition are Old Republic Insurance Company, INS Insurance, Inc., Schneider National Carriers, Inc. and John W. Campbell.

III.

On July 02, 2020 Old Republic Insurance Company was served with Plaintiff's Petition for Damages through its registered agent, Louisiana Secretary of State. On June 30, 2020 Schneider National Carriers, Inc. was served with Plaintiff's Petition for Damages through its registered agent, CT Corporation System. On June 29, 2020, John W. Campbell was served with Plaintiff's Petition for Damages via long-arm service. Counsel for Plaintiff requested service of process on INS Insurance, Inc. via long-arm service, however, as of the date of filing this removal, service has not been made on INS Insurance, Inc.

IV.

On June 17, 2020, Crete Carriers Corporation ("Plaintiff-in-Intervention" or "Crete Carriers"), filed a Petition of Intervention in the above referenced matter seeking to recover workers compensation benefits in the amount of $6,916.48 paid to Plaintiff as a result of the subject accident. (See Exhibit A). Aresean Richardson, Old Republic Insurance Company, INS Insurance, Inc., Schneider National Carriers, Inc., and John W. Campbell were named as Defendants-in-Intervention.

V.

On December 28, 2020, counsel for Crete Carriers advised counsel for Defendants that on December 23, 2020, the Louisiana Office of Workers' Compensation approved a full and final settlement of Aresean Richardson's workers' compensation claim against Crete Carriers, and as part of that settlement, Crete Carriers agreed to dismiss its Petition of Intervention filed in the subject litigation. (See Exhibit B, correspondence from counsel for Crete Carriers advising of approved settlement, and signed Motion and Order to Dismiss Plaintiff's workers' compensation claim). At that time, counsel for Crete Carriers also advised undersigned counsel that pursuant to that settlement agreement, Crete Carriers would be filing a motion to dismiss its Petition of Intervention in the subject litigation. (See Exhibit B). Crete Carriers filed a Motion to Dismiss Petition of Intervention in the subject litigation on January 20, 2021. (See Exhibit C, Motion to Dismiss Petition of Intervention).

DIVERSITY OF CITIZENSHIP

VI.

Plaintiff, Aresean Richardson asserts in the Petition for Damages that he is a person of the full age of majority domiciled in the Parish of East Baton Rouge Parish, State of Louisiana. Therefore, Aresean Richardson is a citizen of Louisiana.

VII.

At the time of this action and at all times since, Defendant Old Republic Insurance Company was and has been a corporation incorporated in the State of Pennsylvania, with its principal place of business in Pennsylvania. Therefore, Old Republic Insurance Company is a citizen of Pennsylvania.

VIII.

At the time of this action and at all times since, Defendant Schneider National Carriers, Inc. was and has been a corporation incorporated in the State of Nevada, with its principal place of business in Green Bay, Wisconsin. Therefore, Schneider National Carriers, Inc. is a citizen of Nevada and Wisconsin.

IX.

At the time of this action and at all times since, Defendant INS Insurance, Inc. was and has been a corporation incorporated in the State of Vermont, with its principal place of business in Green Bay, Wisconsin. Therefore, INS Insurance, Inc. is a citizen of Vermont and Wisconsin

X.

At the time of this action and at all times since, Defendant John W. Campbell was and has been a resident and domiciliary of Pineville, North Carolina. Therefore, John W. Campbell is a citizen of North Carolina.

XI.

Accordingly, complete diversity of citizenship exists between Plaintiff, Aresean Richardson, and Defendants, Old Republic Insurance Company, Schneider National Carriers, Inc. INS Insurance, Inc., and John W. Campbell, as required for original jurisdiction to vest in the United States District Court Western District of Louisiana, Alexandria Division, under 28 U.S.C.A. §1332.

AMOUNT IN CONTROVERSY

XII.

Plaintiff's original Petition for Damages did not specify the amount of damages allegedly sustained as a result of the subject accident. (See Exhibit A).

XIII.

On October 19, 2020, Plaintiff filed a First Supplemental and Amending Petition for Damages wherein Plaintiff amended his petition to allege that Plaintiff's damages exceed $75,000.00 exclusive of interest and costs. (See Exhibit A).

XIV.

Based upon the allegations of Plaintiff's First Supplemental and Amending Petition for Damages, it is evident from the face of the pleadings that the amount in controversy of Plaintiff's claim exceeds $75,000.00, thus satisfying the requirements of 28 U.S.C.A. §1332.

TIMELINESS OF REMOVAL

XV.

Defendants first received notice that the amount in controversy of Plaintiff's claim exceeds $75,000.00 on October 19, 2020 upon receipt of Plaintiff's First Supplemental and Amending Petition for Damages.

XVI.

However, at that time, Crete Carriers Corporation had filed a Petition of Intervention seeking to recover workers' compensation benefits paid to Plaintiff. The Petition of Intervention alleged that the amount in controversy of Crete Carriers' claim was $6,916.48, which is less than the jurisdictional requirement of 28 U.S.C.A. §1332. Pursuant to 28 U.S.C.A. §1367(b), this Honorable Court did not have supplemental jurisdiction over Crete Carriers Corporation's claim because it "would be inconsistent with the jurisdictional requirements of section 1332."

XVII.

It is well settled that an employer who intervenes in an employee's personal injury suit seeking to recover workers' compensation payments previously made is an indispensable party to the employee's underlying action, and as such, the intervention must independently meet all

requirements of 28 U.S.C.A. §1332 in order for the District Court to have subject matter jurisdiction over the entire action. *See Balboa v. Metso Minerals Industries, Inc.*, No. CV 18-9968, 2019 WL 8888170 (E.D. La. Jan. 2, 2019); *Fuselier v. Everest National Insurance*, No. CV 19-1456, 2020 WL 1539879 (W.D. La. Mar. 4, 2020); *Combs v. Southland Process Group, LLC*, No. CV 17-0239, 2017 WL 3405321 (W.D. La. July 10, 2017); *Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 WL 1959151 (W.D. La. Aug. 10, 2005). "In a diversity action, either a lack of complete diversity arising from the presence of an intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over an intervenor's claims that would otherwise be covered by supplemental jurisdiction... [e]ven where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement." *Wilson v. New Orleans Pub. Facility Mgmt,, Inc.,* No. CV 18-1203, at *1, FN. 10, 2018 WL 5307339 (E.D. La. Oct. 26, 2018). As Crete Carriers' claim did not independently satisfy the amount in controversy requirement, this matter was not removable at that time.

## XVIII.

On December 28, 2020, counsel for Crete Carriers advised counsel for Defendants that the Louisiana Office of Workers' Compensation had approved a full and final settlement of Aresean Richardson's workers' compensation claim against Crete Carriers, and as part of that settlement, Crete Carriers agreed to dismiss its Petition of Intervention filed in the subject litigation. (See Exhibit B). Crete Carriers filed a Motion to Dismiss Petition of Intervention in the subject litigation on January 20, 2021. (See Exhibit C). To the extent that receipt of the email on December 28, 2020 from Crete Carriers' counsel notifying Defendants of the approved settlement agreement between

Plaintiff and Crete Carriers constitutes an "other paper" indicating that the case had become removable, Defendants first learned that this matter had become removable on December 28, 2020.

XIX.

As Defendants first received notice that the case had become removable on December 28, 2020, and this matter is being removed within thirty (30) days of Defendants' receipt of same, this Notice of Removal is timely under 28 U.S.C.A. §1446(b)(3).

CONCLUSION

XX.

Since there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and because the amount in controversy exceeds $75,000.00, the United States District Court for the Western District of Louisiana, Alexandria Division, is vested with original jurisdiction over this action pursuant to 28 U.S.C.A. §1332 and 28 U.S.C.A. §1441, *et seq*.

XXI.

Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over any and all claims, if any, for which it does not have original jurisdiction.

WHEREFORE, Defendants, OLD REPUBLIC INSURANCE COMPANY, INS INSURANCE, INC., SCHNEIDER NATIONAL CARRIERS, INC. and JOHN W. CAMPBELL pray that this Notice of Removal be deemed good and sufficient and that the aforesaid Petition for Damages be removed from the 9th Judicial District Court for the Parish of Rapides, State of Louisiana, to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,
**The Dill Firm, A.P.L.C.**

BY:  */s/ G. Austin Love*
_____
JAMES M. DILL (Bar Roll #18868)
G. AUSTIN LOVE (Bar Roll #36554)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408 Ext. 1211
Facsimile: (337) 261-9176
ATTORNEY FOR OLD REPUBLIC INSURANCE
COMPANY, SCHNEIDER NATIONAL
CARRIERS, INC., INS INSURANCE, INC., AND
JOHN W. CAMPBELL

## CERTIFICATE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by first class United States mail, properly addressed, postage prepaid, at the last known address.

Lafayette, Louisiana, this 26th day of January, 2021.

*/s/ G. Austin Love*
_____
G. AUSTIN LOVE